UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DERRICK RAY SMITH, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:14-CV-186-ACL |
| PAULA PHILLIPS, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Derrick Ray Smith (registration no.363686) for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the motion will be granted and plaintiff will be assessed an initial partial filing fee of $1.98. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the

average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $9.92, and an average monthly balance of $.25. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.98, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough

2

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff, an inmate at Southeast Correctional Center ("SECC"), seeks monetary relief in this action for the violation of his constitutional rights under 42 U.S.C. § 1983. Named as defendants are Paula Phillips (Acting Warden), Ian Wallace (Warden), Michael Vinson (Captain), Dave Dormire (Director), and Leary Armstrong (Correctional Officer). Plaintiff's allegations arise out of an incident that took place on December 24, 2013, at SECC. More specifically, plaintiff alleges, "I had suffered an injury from falling out of a bed trying to sit up for morning count." Plaintiff does not describe what type of injury he had sustained, but he states that after he was taken to the infirmary, he was placed in a cell with no toilet and "passed out . . . [and] urinated on [him]self while unconscious in [a] wheelchair." Plaintiff complains that he asked for a change of clothing and

requested to take a shower and see a doctor; however, defendant Vinson ordered defendant Armstrong "to do nothing for [him] because [he] was not an infirmary patient, but [was] in administrative segregation." Plaintiff further alleges that defendants Phillips, Wallace, and Dormire denied his IRR as untimely, but "the untimeliness should have been waived," because the delay was due to SECC refusing to give plaintiff a grievance form. Plaintiff sues defendants in both their individual and official capacities.

## Discussion

Having carefully reviewed the complaint, the Court concludes that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to all defendants in their official capacities.

The complaint is also legally frivolous as to all defendants in their individual capacities. Plaintiff's claims against Phillips, Wallace, and Dormire for allegedly failing not to waive the untimeliness of his IRR simply do not rise to the level of a

4

constitutional violation and fail to state a claim or cause of action under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (mere negligence does not rise to the level of a constitutional violation); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (mere negligence is not cognizable as Eighth Amendment violation); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (grievance procedure is procedural right only and does not confer substantive right on inmate).

Plaintiff's conclusory claims that defendant Vinson instructed defendant Armstrong to do nothing for plaintiff because he was not an "infirmary patient" and was actually assigned to administrative segregation, also fall short of stating a constitutional claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (although liberally construed, pro se complaint must still allege sufficient facts to support claim advanced). Plaintiff's allegations fail to set forth not only the nature of what his physical problems were, but also how and when he received assistance after having allegedly passed out in his infirmary cell, and therefore, are too vague and conclusory to state a constitutional claim. Although the Court must liberally construe plaintiff's factual allegations, it will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded.

5

For the above-stated reasons, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.98 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 23rd day of March, 2015.

\s\ **Jean C. Hamilton**
**UNITED STATES DISTRICT JUDGE**